Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5266
Email: bwilson@hawleytroxell.com

Attorneys for Trustee J. Ford Elsaesser

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re: )<br>)<br>VERTICAL PARTNERS WEST, LLC, )<br>)<br>Debtor. )<br>)<br>)<br>)<br>) | Case No. 21-20460-JMM<br><br>Chapter 7 |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO OPERATE THE DEBTOR'S BUSINESS PURSUANT TO 11 U.S.C. § 721**

Chapter 7 Trustee, J. Ford Elsaesser (the "**Trustee**"), by and through his proposed counsel of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, hereby moves the Court for authorization to operate the business of Chapter 7 Debtor Vertical Partners West, LLC (the "**Debtor**"), pursuant to 11 U.S.C. § 721. The Trustee submits that operating the business of the Debtor on an interim basis of ninety (90) days from the date of the Order granting this Motion is in the best interest of the estate and is consistent with the orderly liquidation of the estate because such operation will maximize the value of the estate and thus increase creditor recoveries. In support of this Motion, the Trustee states as follows.

CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO OPERATE
THE DEBTOR'S BUSINESS PURSUANT TO 11 U.S.C. § 721 - 1

# I.
# JURISDICTION AND VENUE

1. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriate in this Court under 28 U.S.C. § 1408.

# II.
# BACKGROUND

2. On December 20, 2021, the Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code, commencing this bankruptcy case. Dkt. No. 1.

3. The Trustee was thereafter duly appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case.

4. The Debtor is an Idaho limited liability company, which has its principal place of business in Rathdrum, Idaho. Although based in Idaho, the Debtor does business throughout the United States.

5. The Trustee has personally visited the Debtor's business since the filing of this case to inspect the premises, to begin to understand the Debtor's business and assets, and to meet with management of the Debtor.

6. The Debtor is a company that designs, manufactures, and sells rechargeable batteries and related technologies for consumer customers. In addition, the Debtor is engaged in manufacturing commercial battery modules.

7. The Debtor's President and Chief Executive Officer is Keith Wallace, who signed the Debtor's bankruptcy petition.

8. Mr. Wallace is also a member of the Debtor.

9. Aladdin PD Fund I, LLLP is the other member of the Debtor. Aladdin PD Fund I, LLLP is also stated in the Debtor's schedules to be a subordinated secured creditor of the Debtor.

10. The Debtor's Chief Financial Officer is Robert Tabaracci. The Trustee has been informed by the Debtor that Mr. Tabaracci was instrumental in compiling the information provided in the Debtor's schedules filed in this case and that Mr. Tabaracci has significant experience and knowledge of the operations of the Debtor.

11. As of the petition date, December 20, 2021, the Trustee has been advised by the Debtor that the Debtor had accounts receivable on goods sold in the amount of $459,277.17. A true and correct copy of the spreadsheet provided to the Trustee by the Debtor showing the accounts receivables is attached hereto and incorporated by reference herein as **Exhibit A**.

12. In addition to the accounts receivable, the Debtor has various goods it purchased, and has largely sold to customers, (*see* Exhibit A/B-22(B) beginning on page 30 of the Debtor's Schedules, Dkt. No. 1) in transit to the Debtor's location from overseas and within the United States. The Debtor has advised the Trustee that the Debtor has sold some of these goods, and the estimated invoice total for these future receivables is $449,243.29. A true and correct copy of the spreadsheet provided to the Trustee by the Debtor showing the *future* accounts receivables related to these in-transit goods is attached hereto and incorporated by reference herein as **Exhibit B**. In order to receive these goods at Debtor's location, the Trustee will be required to pay certain vendors and taxes so that those goods can clear customs and be shipped to the Debtor. Such payments to vendors and other parties will be detailed in a filing for the Trustee's use of cash collateral and attached budget.

13. During the time the Trustee operates the business of the Debtor the Trustee will maintain appropriate insurance policies and will add his name to said insurance policies as an additional insured. The budget that will be filed along with the motion to approve use of cash collateral will include insurance payments in order to maintain these policies. The insurance policies are set to expire on March 31, 2022, assuming payment of the insurance premiums in January 2022. In addition to this insurance already in place, the Trustee is seeking additional Chapter 7 Trustee insurance to further mitigate risk of loss to the estate.

14. In order to facilitate operating the Debtor's business, the Trustee has been in discussions with CEO Keith Wallace and CFO Robert Tabaracci in engaging those employees, and other individuals who previously worked for the Debtor prior to the bankruptcy case, on an hourly rate basis to assist the Trustee in collecting the accounts receivable, facilitating moving the goods through customs to the Debtor's location, representing the Debtor in dealing with customers, shipping goods sold to customers prepetition, and other appropriate business activities in order to maximize recovery to the bankruptcy estate. The expense for these employees will be provided to the Court via the Trustee's motion to use cash collateral. The Trustee has discussed payment of an hourly rate of Mr. Wallace at $186 and of Mr. Tabaracci at $125. These rates for these employees as well as the other employees will be expressly listed in the budget to be approved in the context of the motion for use of cash collateral.

15. The Trustee is also evaluating whether the Debtor's business may be sold as a going concern or whether to otherwise liquidate the assets of the bankruptcy estate. In order for the Trustee to have the ability to sell the Debtor as a going concern, the Trustee seeks an order of this Court allowing him to operate the business of the Debtor. During the time the Debtor's

business is being operated by the Trustee, the Trustee anticipates evaluating and possibly marketing the Debtor for sale.

16. Finally, the Trustee is investigating two secured creditor claims, which creditors purport to be secured in all the assets of the Debtor, including inventory and accounts. Although the Trustee is in the preliminary analysis of these alleged secured claims, the Trustee has reason to believe those creditors' secured claims, or one of them, may be subject to avoidance and preservation of the liens for the benefit of the estate pursuant to the applicable bankruptcy law, or otherwise applicable law. If this is the case, the liquidation of the inventory and recovery on the accounts receivable may be of significant value to the bankruptcy estate and its creditors.

17. The Trustee believes that operation of the Debtor's business for ninety (90) days from the date of the Order granting this Motion, subject to extension of said timeframe upon order of this Court, and effective as of the date of this Motion, is in the best interest of the bankruptcy estate because such operation will maximize the value of the estate and thus increase creditor recoveries. It will also allow the Trustee to explore whether the Debtor may be sold as a going concern.

### III.
### LEGAL BASIS AND RELIEF REQUESTED

18. Section 721 provides: "The Court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721.

19. A bankruptcy court's decision to allow a trustee to operate the business of a Chapter 7 debtor is reviewed for an abuse of discretion. *See* 6 COLLIER ON BANKRUPTCY ¶ 721.02, n.1 (Richard Levin & Henry Sommer eds., 16th ed.) (citing case).

20. If a bankruptcy court determines operating the business of the Chapter 7 debtor would maximize the estate's value, the motion to operate the business may be granted. *In re Quarter Moon Livestock Co., Inc.*, 116 B.R. 775, 782 (Bankr. D. Idaho 1990).

21. Authority to operate a business under § 721 should be granted "where it appears that a business could be sold for a greater price as a going concern than would be obtained in ordinary liquidation." *In re AT&T Trailer Park, Inc.*, 53 B.R. 144, 147 (Bankr. D. Wyo. 1985).

22. Applying these principles to this case, it is in the best interest of the estate to operate the Debtor's business for ninety (90) days from the date of the Order granting this Motion. The Trustee believes that operating the business of the Debtor for this limited time period will allow the Trustee to recover the accounts receivable listed in Exhibit A hereto. In addition, operating the business of the Debtor will allow the Trustee to bring to the Debtor's location the goods in transit, which goods the Trustee will then distribute to its customers who have already purchased the goods in the ordinary course. The goods in transit, upon information and belief, have a value of $449,243.29, as stated in Exhibit B hereto. In addition, the Trustee believes operating the business of the Debtor will allow the Trustee to market and perhaps sell the Debtor as a going concern. Finally, the Trustee believes that employees of the Debtor, identified herein and as will be described in full in the Trustee's motion to use cash collateral, will be essential to continuing to operate the business of the Debtor.

23. **WHEREFORE**, based on these facts and applicable law, the Trustee respectfully requests an Order from this Court granting this Motion and allowing the Trustee to operate the business of the Debtor, including engaging the appropriate employees on an hourly basis to assist in the operation and wind down of the Debtor, pursuant to 11 U.S.C. § 721, for a period of ninety (90) days from the date of the Order granting this Motion, subject to further extension of this timeframe upon good cause shown and Order of this Court.

Dated: January 3, 2022.

        Respectfully submitted,

        HAWLEY TROXELL ENNIS & HAWLEY LLP


        By: /s/ Brent R. Wilson
            Brent R. Wilson, ISB No. 8936
            Attorneys for Trustee J. Ford Elsaesser

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2022, I electronically filed the foregoing **CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO OPERATE THE DEBTOR'S BUSINESS PURSUANT TO 11 U.S.C. § 721** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Matthew T. Christensen          mtc@johnsonmaylaw.com

U.S. Trustee                    ustp.region18.bs.ecf@usdoj.gov

J. Ford Elsaesser               feecf@eaidaho.com

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail** (list names and addresses):

**Vertical Partners West, LLC**
14028 N. Ohio Street
Rathdrum, Idaho 83858

/s/ Brent R. Wilson
Brent R. Wilson

CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO OPERATE
THE DEBTOR'S BUSINESS PURSUANT TO 11 U.S.C. § 721 - 8

59685.0001.14393600.1

**Vertical Partners West, LLC.**
**Accounts Receivable Aging**
**As of December 20, 2021**

EXHIBIT A

**459,277.17**

| Customer | Date | Invoice # | Amount | Due Date | Notes | Address 1 | Address 2 | City | State | Zip | Country | Phone |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11310 ADVENTURE HOBBIES & TOYS | 11/08/21 | 200774 | 1,971.12 | 12/08/21 | Invoice | 782 New River Road | Unit 736 | Chritiansurg | VA | 24073 | USA | (540) 382-2871 |
| 12593353 P3 GLOBAL, LLC | 11/16/21 | 200809 | 15,066.58 | 12/16/21 | Invoice | 6212 Oakton Street | | Morton Grove | IL | 60053 | USA | (773) 330-1899 |
| 12593353 P3 GLOBAL, LLC | 11/16/21 | 200810 | 1,202.00 | 12/16/21 | Invoice | 6212 Oakton Street | | Morton Grove | IL | 60053 | USA | (773) 330-1899 |
| 12593353 P3 GLOBAL, LLC | 12/14/21 | 200825 | 321,349.09 | Pmt Sch | Invoice | 6212 Oakton Street | | Morton Grove | IL | 60053 | USA | (773) 330-1899 |
| 12623380 SeaFloor Systems | 12/13/21 | 200827 | 10,735.00 | 12/24/21 | Invoice | 415 Commodity Way | | Shingle Springs | CA | 95682 | USA | (530) 313-0269 |
| 12652212 JEGS Performance | 11/05/21 | 200767 | 5,042.00 | 12/05/21 | Invoice | 101 Jegs Place | | Delaware | OH | 43015 | USA | (614) 294-5451 |
| 12652212 JEGS Performance | 11/19/21 | 200823 | 24,102.35 | 12/19/21 | Invoice | 101 Jegs Place | | Delaware | OH | 43015 | USA | (614) 294-5451 |
| 12652212 JEGS Performance | 11/19/21 | 200824 | 6,897.00 | 12/19/21 | Invoice | 101 Jegs Place | | Delaware | OH | 43015 | USA | (614) 294-5451 |
| 24248 AMAIN HOBBIES | 11/16/21 | 200812 | 1,000.21 | 12/16/21 | Invoice | 424 Otterson Drive | Suite 160 | Chico | CA | 95928 | USA | (530) 894-0797 |
| 8916 HOBBY TOWN UNLIMITED INC | 11/16/21 | 200813 | 2,005.20 | 12/16/21 | Invoice | 1133 Libra Drive | | Lincoln | NE | 68512 | USA | (402) 434-8419 |
| 8958 HRP DISTRIBUTORS, INC. | 11/12/21 | 200793 | 1,279.00 | 12/12/21 | Invoice | 034 South 3850 West | | Salt Lake City | UT | 84104 | USA | (801) 978-9500 |
| 8958 HRP DISTRIBUTORS, INC. | 11/12/21 | 200795 | 66.34 | 12/12/21 | Invoice | 034 South 3850 West | | Salt Lake City | UT | 84104 | USA | (801) 978-9500 |
| 8958 HRP DISTRIBUTORS, INC. | 11/17/21 | 200816 | 10,161.73 | 12/17/21 | Invoice | 034 South 3850 West | | Salt Lake City | UT | 84104 | USA | (801) 978-9500 |
| 8958 HRP DISTRIBUTORS, INC. | 11/18/21 | 200817 | 5,528.91 | 12/18/21 | Invoice | 2034 South 3850 West | | Salt Lake City | UT | 84104 | USA | (801) 978-9500 |
| 8974 Horizon Hobby, LLC. | 06/29/21 | 199792 | 15.58 | 07/29/21 | Invoice | P.O. Box 6029 | | Chapaign | IL | 61822 | USA | (217) 403-3008 |
| 8974 Horizon Hobby, LLC. | 06/29/21 | 199793 | 5.72 | 07/29/21 | Invoice | P.O. Box 6029 | | Chapaign | IL | 61822 | USA | (217) 403-3008 |
| 8974 Horizon Hobby, LLC. | 11/05/21 | 200766 | 2,857.09 | 12/05/21 | Invoice | P.O. Box 6029 | | Chapaign | IL | 61822 | USA | (217) 403-3008 |
| 8974 Horizon Hobby, LLC. | 11/05/21 | 200768 | 12,137.29 | 12/05/21 | Invoice | P.O. Box 6029 | | Chapaign | IL | 61822 | USA | (217) 403-3008 |
| 8974 Horizon Hobby, LLC. | 11/05/21 | 200769 | 2,714.30 | 12/05/21 | Invoice | P.O. Box 6029 | | Chapaign | IL | 61822 | USA | (217) 403-3008 |
| 9071 HI-PERFORMANCE DISTRIBUTORS | 11/12/21 | 200801 | 767.40 | 12/12/21 | Invoice | 200-26825 56th Ave | | Langley | BC | V4W3Z9 | Canada | (604) 856-5336 |
| 9071 HI-PERFORMANCE DISTRIBUTORS | 11/16/21 | 200811 | 766.92 | 12/16/21 | Invoice | 200-26825 56th Ave | | Langley | BC | V4W3Z9 | Canada | (604) 856-5336 |
| 12615096 Bell Helicopter | 12/15/21 | 35016 | 33,606.34 | 12/24/21 | Invoice | P.O. Box 77090 | | Fort Worth | TX | 76177-0090 | USA | (682) 228-1874 |
| 12596670 Verge Aero Inc. | 11/10/21 | 200785 | 26,495.00 | 12/10/21 | Paid on 12/17/21 to Beverly Bank | 7905 Browning Road #200 | | Pennsauken | NJ | 8109 | USA | (267) 606-4470 |

4790.5
26495
31285.5

**Vertical Partners West, LLC.**
**Future Accounts Receivable Aging**
As of December 16, 2021

EXHIBIT B

| Customer | Date | Invoice # | Amount | Due Date | Notes | Address 1 | Address 2 | City | State | Zip | Country | Phone |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 449,243.29 | | | | | | | | | |
| 12488526 Batteries Plus 501 | 12/30/21 | 2800831 | 33,680.00 | Future | Dependent of shipment of batteries | 6200 N Baker Road | | Glendale | WI | 53209 | USA | (920) 498-1100 |
| 12488526 Batteries Plus 501 | 12/30/21 | 2800832 | 6,237.00 | Future | Dependent of receipt of chargers | 6200 N Baker Road | | Glendale | WI | 53209 | USA | (920) 498-1100 |
| 12593353 P3 GLOBAL, LLC | 12/30/21 | 200828 | 32,742.04 | Pmt Sch | Dependent on receipt of future shipment | 6212 Oakton Street | | Morton Grove | IL | 60053 | USA | (773) 330-1899 |
| 12593353 P3 GLOBAL, LLC | 12/14/21 | 200829 | 332,233.75 | Pmt Sch | Dependent on receipt of future shipment | 6212 Oakton Street | | Morton Grove | IL | 60053 | USA | (773) 330-1899 |
| 12652212 JEGS Performance | 12/30/21 | 200830 | 34,660.50 | Future | Dependent on receipt of future shipment | 101 Jegs Place | | Delaware | OH | 43015 | USA | (614) 294-5451 |
| 12623380 SeaFloor Systems | 12/30/21 | 200833 | 9,690.00 | Future | Dependent of shipment of batteries | 4415 Commodity Way | | Shingle Springs | CA | 95682 | USA | (530) 313-0269 |